IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BENJAMIN KUNZE, ASHLEY AGURA, JACQUELINE BEELER, ALEXANDRA BEWLEY, VILASBEN BHUT, RYAN BIALASZEWSKI, NANCY CLOUD, RYAN ENGLISH, TASHA HUDSON, STEPHEN KRIVAN, TYLER LEMM, CINDY LIN, CHARITY MUGADZA, MICHELLE NICKELATTI, SANDEEP PALIKHEL, TAYLOR VAUGHN, KARA WILHITE and KATIE ZILIAK,** on behalf of themselves and all others similarly situated, <br><br>**Plaintiffs** <br><br>v. <br><br>**BAYLOR SCOTT & WHITE HEALTH** and **HEALTHTEXAS PROVIDER NETWORK,** <br><br>**Defendants.** | § § § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs bring this action for damages and other legal and equitable relief from Defendants' violations of the laws requiring payment of overtime compensation, stating the following as their claims against BAYLOR SCOTT & WHITE HEALTH ("BSWH") and HEALTHTEXAS PROVIDER NETWORK ("HTPN") (collectively "Defendants").

### JURISDICTION

1. This Court has original jurisdiction to adjudicate the claims stated herein under 28 U.S.C. §§ 1331, 1343, 2201 and 2202, and also under 29 U.S.C. § 201 *et seq.*, because this action is brought under the Fair Labor Standards Act ("FLSA") as amended, to redress and enjoin employment practices of Defendants in violation of that Act.

1

## VENUE

2. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to Title 28 U.S.C. §1391(b) and (c) and Title 29 U.S.C. § *206 et seq.*, because Defendants reside in and are doing business in this District and Division and some of the unlawful practices described herein occurred in this District and Division.

## NATURE OF CASE

3. Plaintiffs named in the style of this Complaint ("named plaintiffs") and similarly situated current, former and future employees of Defendants ("similarly situated employees" as defined below) seek relief on a collective basis challenging the unlawful business practices of BSWH and HTPN in misclassifying as exempt those persons they employ as Advanced Practice Providers ("APPs").

4. Defendant BSWH is in the business of operating health care facilities including hospitals and clinics throughout the state of Texas.

5. Based on publicly available information, BSWH operates approximately 800 healthcare facilities in the state of Texas, including more than 50 hospitals.

6. Defendant HTPN has and does provide APPs (physician assistants, nurse practitioners and other clinical nurse specialists) to BSWH's hospitals and clinics throughout the state of Texas.

7. It is believed and alleged that Defendants have collectively employed more than 500 persons as APPs over the past three years.

8. The named plaintiffs and similarly situated employees were and are not paid on a salary basis by Defendants and are therefore nonexempt, however, Defendants have not and do not pay these APPs overtime pay for the hours worked in excess of forty (40) hours in a workweek, as required by the FLSA.

9.  Defendants have compensated the named plaintiffs and similarly situated employees at straight time for their hours worked on-the-clock regardless of the number of hours they worked in any workweek.

10. Defendants also have failed to compensate the named plaintiffs and similarly situated employees at all for certain off-the-clock hours that Defendants have suffered and permitted them to perform.

11. Defendants knew of the off-the-clock work performed by the named plaintiffs and similarly situated employees and benefitted from that work.

12. Plaintiffs' FLSA claims are brought under 29 U.S.C. § 216(b) of the FLSA as an "opt-in" collective action (hereinafter, "the Collective Action").

13. The Collective Action is brought on behalf of all similarly situated employees who have been, are and/or will be employed by Defendants as APPs subject to the same pay practices as the named plaintiffs herein.

14. Pursuant to § 216(b) of FLSA, the Collective Action seeks to recover the following for the named plaintiffs and similarly situated employees:

   (i) unpaid overtime compensation owed ("back pay");

   (ii) an additional amount equal to the back pay in liquidated damages; and

   (iii) reasonable attorneys' fees and costs of the action.

**PARTIES**

15. <u>Named plaintiffs</u>. The eighteen individually named plaintiffs in the case style above are citizens of the United States and residents of the state of Texas who were and are employed by Defendants as APPs in the state of Texas during the years 2017 through the present.

16. With the filing of this Original Complaint, the named plaintiffs listed in the case style have submitted Consents to participate in this suit. *See* Exhibit 1.

17. <u>Similarly situated employees</u>. Under 29 U.S.C. § 216(b), the Collective Action is also brought on behalf of all persons who have been, are and/or will be employed by Defendants as APPs in the United States and who are subject to the same pay practices as the named plaintiffs herein.

18. During their employment with Defendants, the named plaintiffs and similarly situated employees regularly worked in excess of forty (40) hours in a workweek and were not paid overtime wages as required under the FLSA.

19. The named plaintiffs and similarly situated employees have been injured by the illegal practices and conduct alleged in this Complaint.

20. The FLSA claims of the named plaintiffs are similar to the claims of the similarly situated employees.

21. Defendant BSWH is a domestic nonprofit corporation organized under the laws of Texas and may be served through its agent for service of process C T Corporation System at 1999 Bryan St, Suite 900, Dallas, Texas 75201-3136.

22. Defendant HTPN is a domestic nonprofit corporation organized under the laws of Texas and may be served through its agent for service of process C T Corporation System at 1999 Bryan St, Suite 900, Dallas, Texas 75201-3136.

## MISNOMER OR ALTER-EGO

23. In the event any parties are misnamed or not included herein, such event was a "misnomer" or such parties are or were "alter-egos" of parties named herein.

## JOINT EMPLOYERS

24. It is believed and alleged that Defendants BSWH and HTPN were and are joint employers of the named plaintiffs and similarly situated employees.

## STATUTE OF LIMITATIONS TOLLING

25. Defendants and the named Plaintiffs, on behalf of themselves and all others similarly situated, entered into a statute of limitations Tolling Agreement with an effective date of April 6, 2020. *See* Exhibit 2. Under the agreement, the running of applicable statutes of limitations was tolled for thirty (30) days until May 6, 2020. This was later extended by agreement an additional eight (8) days to May 14, 2020. *Id*. Consequently, this case is deemed and must be treated as if filed thirty-eight (38) days before the actual filing date. The Tolling Agreement also applies to opt-in plaintiffs, and all consent forms filed to join the lawsuit are deemed and must be treated as if filed thirty-eight (38) days before the actual filing date.

26. Any tolling provisions provided by the Court in response to the pandemic are also claimed.

## FACTUAL BACKGROUND

27. The named plaintiffs and similarly situated employees regularly work more than forty (40) hours per week, however, Defendants have failed and refused to pay them time-and-one-half for hours worked in excess of forty (40) in any workweek.

28. Defendants know or should know that their policies and practices violate the FLSA.

29. During the liability period, Defendants have not paid the named plaintiffs and similarly situated employees on a salary basis as required for Defendants to claim the exemptions for bona fide executive, administrative, professional and highly compensated positions.

30. During the liability period, Defendants have not employed the named plaintiffs and similarly situated employees as bona fide administrative employees.

31. None of the named plaintiffs and similarly situated employees had as their primary duty the performance of office work directly related to Defendants' policies or the general business operations of Defendants' customers.

32. During the liability period, Defendants have not employed the named plaintiffs and similarly situated employees in bona fide executive positions.

33. During the liability period, Defendants could not have employed the named plaintiffs and similarly situated employees in bona fide professional positions because they were not paid on a salary basis.

34. Defendants cannot meet the salary basis requirements for any of the exemptions referenced in the foregoing paragraphs because the named plaintiffs and similarly situated employees were not paid on a salary basis during the liability period.

35. During the liability period, Defendants maintained a policy and practice of deducting pay from the purported salary of named plaintiffs and similarly situated employees in violation of the FLSA.

36. Defendants' pay deductions taken from the named plaintiffs and similarly situated employees were not isolated or inadvertent.

37. Defendants improper deductions from alleged salary were numerous, ongoing, took place over a span of many years, were made at numerous of Defendants facilities and affected all of the named plaintiffs and similarly situated employees.

38. Defendants have a written policy that permits improper deductions from alleged salary and continue to have an actual practice of making such deductions.

39. Defendants have not committed to ceasing the practice of improper deductions from alleged salary in the future and to the contrary continue to make such deductions from pay.

40. Due to the foregoing factors, the deductions were neither isolated nor inadvertent, the named plaintiffs and similarly situated employees were and are nonexempt during the liability period continuing to the present, and they cannot be retroactively restored to exempt status with

corrective payments.

41. Due to the foregoing, the named plaintiffs and similarly situated employees were and are entitled to overtime pay for all overtime hours worked during the liability period continuing to the present.

42. Defendants recognized that the pay deductions they made from named plaintiffs and similarly situated employees violated the salary basis requirements of the FLSA and attempted to correct these violations with corrective payments. However, due to the factors noted above, defendants cannot use the "window of correction" to comply retroactively with the FLSA regulations and thereby obtain an exemption for this class of employees that it actually never paid on a salaried basis during the liability period.

## COLLECTIVE ACTION ALLEGATIONS

43. Pursuant to 29 U.S.C. § 207, the named plaintiffs and similarly situated employees seek to prosecute the FLSA claims stated in Count I below as a Collective Action (as defined above).

## COUNT I - VIOLATION OF 29 U.S.C § 207(a)(1)

44. Named plaintiffs and similarly situated employees reallege the allegations set forth in Paragraphs 1 through 43 of this Complaint.

45. Defendants have engaged in a general practice of failing to pay overtime compensation to named plaintiffs and similarly situated employees.

46. Defendants also have engaged in a general practice of not paying named plaintiffs and similarly situated employees for off-the-clock overtime hours worked.

47. Defendants also have engaged in the actual practice of making improper deductions from the alleged salary of named plaintiffs and similarly situated employees.

48. Due to the foregoing the named plaintiffs and similarly situated employees were and are

entitled to overtime pay for all overtime hours worked.

49. Defendants' failure to compensate named plaintiffs and similarly situated employees for overtime violates the overtime compensation requirements of 29 U.S.C. § 207(a)(1).

50. Defendants knew, had reason to know, or showed reckless disregard for, whether their failure to pay overtime compensation to named plaintiffs and similarly situated employees for all hours worked in excess of forty (40) hours in any workweek constituted a violation of the overtime compensation requirements of 29 U.S.C. § 207(a)(1).

51. Defendants also continued to make improper deductions from pay after receiving employee complaints and continue to make improper deductions from pay to the present time.

52. Due to the foregoing, Defendants' pay violations were and are willful under 29 U.S.C. § 216(b) of FLSA and 29 C.F.R. § 541.603 (d).

53. By reason of Defendants' failure to pay named plaintiffs and similarly situated employees for overtime as required by FLSA, named plaintiffs and similarly situated employees are entitled to recover all amounts owing under the FLSA, including all unpaid wages, liquidated damages in an amount equal to the unpaid overtime compensation, and such other legal and equitable relief as may be appropriate, as provided in 29 U.S.C. §§ 215(a), 216(b) and 217, along with reasonable attorneys' fees and costs of this action as provided in 29 U.S.C. § 216(b).

54. The named plaintiffs and similarly situated employees are threatened with further injury and loss which are irreparable in nature and for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, the named plaintiffs individually and on behalf of similarly situated employees of Defendants respectfully pray:

    A.    That collective action notice and opt-in procedures be adopted under FLSA with

respect to the claims asserted by the named plaintiffs on behalf of similarly situated employees of Defendants.

B. That the practices of Defendants complained of herein be found to violate the rights of the named plaintiffs and similarly situated employees of Defendants under FLSA, 29 U.S.C. § 201 et seq.

C. That the improper pay deductions of Defendants complained of herein be found to have made the named plaintiffs and similarly situated employees non-exempt during all time periods when such improper deductions were and are made.

D. That a permanent prohibitory injunction be issued prohibiting Defendants, their officers, agents, employees, and successors, from engaging in the employment practices complained of herein.

E. That a permanent mandatory injunction be issued requiring that Defendants adopt wage/hour and record-keeping practices in conformity with the requirements of FLSA, 29 U.S.C. § 206 *et seq.*

F. That judgment be entered against Defendants and in favor of named plaintiffs and similarly situated employees of Defendants for all unpaid overtime compensation in amounts to be established at trial.

G. That judgment be entered against Defendants and in favor of named plaintiffs and similarly situated employees of Defendants for liquidated damages in amounts equal to the unpaid overtime compensation established at trial.

H. That the pay violations of Defendants be found to be willful.

I. For entry of an Order enjoining Defendants and their agents and employees from subjecting named plaintiffs and similarly situated employees to any acts of retaliation for

prior actions, or for bringing or participating in this action.

J.   That the Court order Defendants to pay counsel for the named plaintiffs and similarly situated employees their reasonable attorneys' fees and the costs and expenses of this action as provided by applicable law.

K.   That the named plaintiffs and similarly situated employees be awarded such other and further relief and equitable relief as may be found appropriate, just and/or equitable.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues triable of right by a jury.

Dated: May 15, 2020.

        Respectfully submitted,

        /s/ *David L Kern*
        David. L. Kern
        KERN LAW FIRM, PC
        1541 North Mesa, Suite 541
        El Paso, Texas 79902
        Phone: 915.542.1900
        Fax: 915.242.0000
        dkern@kernlawfirm.com

        /s/ *John R. Fabry*
        JOHN R. FABRY
        THE CARLSON LAW FIRM
        1717 N. Interstate 35, Suite 305
        Round Rock, Texas 78664
        Phone: 512.671.7277
        Fax: 512.238.0275
        JFabry@carlsonattorneys.com

        *Counsel for Plaintiffs*