IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BENJAMIN KUNZE, *et al.*,           §
                                    §
        Plaintiffs,                 §
                                    §
v.                                  §          Civil Action No. 3:20-CV-01276-N
                                    §
BAYLOR SCOTT & WHITE HEALTH,        §
*et al.*,                           §
                                    §
        Defendants.                 §

## MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiffs' Motion for Equitable Tolling of Statute of Limitations [19].  Because the information the opt-in plaintiffs received from their employer regarding their deficient paychecks was not so misleading as to excuse their delay in bringing their claims, the Court denies the motion.

## I. ORIGINS OF THE FLSA CLAIMS AND THE MOTION FOR EQUITABLE TOLLING

The Plaintiffs in this case are medical professionals known as Advanced Practice Professionals ("APPs").  In 2019, Defendants Baylor Scott and White Health ("BSWH") and HealthTexas Provider Network ("HTPN") (collectively, "Defendants") conducted an audit after discovering their payroll system made improper deductions from certain APPs' pay in the period from April 3, 2017 to October 31, 2019.  App. to Defs.' Resp. 5, 13 [22].  Defendants then sent the APPs a packet of information that included (1) a cover letter explaining the audit, (2) an FAQ regarding the pay errors, (3) an individualized audit report showing paycheck amounts for the relevant period with a calculation of any wages owed,

ORDER – PAGE 1

and (4) an acknowledgement form to be signed and returned to the human resources department.  *Id.* at 4–22.

On May 15, 2020, Plaintiffs brought claims against Defendants to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). [1]  29 U.S.C. § 201, *et seq*.  On October 26, 2020, Lauren Bowman and Michelle B. Johns filed Consents to Join this action as "opt-in" plaintiffs.  Notice of Filing of Consent Forms [18].  This Court later approved a conditional class certification for the named plaintiffs and a potential class of opt-in plaintiffs.  Order [23].  Plaintiffs filed this motion on behalf of Bowman and Johns seeking equitable tolling of the statute of limitations or estoppel against the Defendants raising a statute of limitations defense.

## II.  THE OPT-IN PLAINTIFFS ARE NOT ENTITLED TO EQUITABLE TOLLING OF THE STATUTES OF LIMITATIONS

The FLSA provides for a two-year statute of limitations, which is extended one year for willful violations.  29 U.S.C. § 255(a).  The limitations period for opt-in plaintiffs in FLSA class actions runs until the filing date of written consent to become a party.  29 U.S.C. § 256(b).  Plaintiffs argue Bowman and Johns should receive relief from this limitations period as measured from their opt-in date because the information packet

---

[1] For statute of limitations purposes for the original plaintiffs, the lawsuit is considered to have commenced on April 6, 2020 per the parties' Tolling Agreement [1-3].

provided by Defendants misled them into believing they did not have a legal claim based on their deficient pay.

### A. Legal Standard for Equitable Tolling

The decision to equitably toll a statute of limitations rests within the discretion of the district court and should be granted only in rare and exceptional circumstances. *Teemac v. Henderson*, 298 F.3d 452, 456–57 (5th Cir. 2002). The party seeking equitable tolling bears the burden of proof. *Id.* at 457. "For this narrow exception to apply, a plaintiff must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). Reasonable diligence is sufficient, and the extraordinary circumstance must be an external obstacle beyond the plaintiff's control. *Id.*

Courts most frequently grant equitable tolling requests where "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac*, 298 F.3d at 457 (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)); *see also Sandoz v. Cingular Wireless, LLC*, 2014 WL 3045532 (W.D. La. July 3, 2014) (finding equitable tolling inappropriate in an FLSA action where the plaintiffs "presented no evidence of wrongdoing . . . that was intended to, and did, lull the three opt-in plaintiffs into failing to act timely to file suit"), *aff'd*, 700 F. App'x 317 (5th Cir. 2017) (unpub.).

ORDER – PAGE 3

### B.  Plaintiffs Have Not Met the Requirements for Equitable Tolling

Plaintiffs have failed to meet their burden to show an extraordinary circumstance justifying equitable tolling, because the information packet is not actively misleading. Plaintiffs argue each element of the information packet actively misled Bowman and Johns into thinking they had no cause of action against Defendants, so the Court considers each element of packet in turn and the packet as a whole.

1.  *The Cover Letter Is Not Actively Misleading.* – Plaintiffs argue the cover letter is actively misleading because it suggests that the payments based on the audit report would bring Defendants in compliance with any applicable laws.  Specifically, Plaintiffs point to the statement that the remedial payments were made "in accordance with . . . applicable law."  Pls.' Reply 7 [27].  However, the full statement reads: "The purpose of the audit is to ensure that all APP shift providers are paid in accordance with Baylor Scott and White pay policies, procedures, and applicable laws."  App. to Defs.' Resp. 5.  This statement is not misleading and accurately represents the purpose of the audit.  The same document encourages the recipients to review the audit results and verify their accuracy.  *Id.* ("Once you have reviewed the report and are satisfied with its accuracy, please sign and return the enclosed acknowledgement.").  The document makes no representation at all about the possible existence of a legal claim based on the audit results.  Therefore, the Court finds the cover letter is not misleading and is not itself a basis for equitable tolling.

2.  *The FAQ Document Is Not Actively Misleading.* – Plaintiffs next argue the FAQ document is misleading because it states their pay was "most likely" correct. However, the FAQ document is addressed to all APPs, not only those affected by the errors.

ORDER – PAGE 4

Additionally, both Bowman and Johns received the FAQ document along with others that explicitly state they were among the few APPs impacted by the errors.  The statement Plaintiffs rely on and later statements in the same paragraph indicate APPs may be affected, putting Bowman and Johns on notice that their paychecks could have been incorrect. Plaintiffs have not established that the challenged statement is false or that is so misleading it amounts to an extraordinary circumstance justifying equitable tolling.

Plaintiffs also argue the FAQ document provides legal advice to APPs without recommending they seek their own counsel and contains a misleading discussion of the case *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006).[2]  However, the Q&A document expressly states the discussion of *Belt* reflects "Baylor Scott & White Health's position" and that it is Defendants' "intention" that salaried APPs be exempt.  App. to Defs.' Resp. 10–11.  The document does not make any representations regarding the existence of a legal claim based on the audit report, and Plaintiffs cite no authority for the proposition that the failure to advise employees to obtain counsel constitutes an extraordinary circumstance justifying equitable tolling.[3]

---

[2] This Fifth Circuit case determined the circumstances in which nurse practitioners and physician assistants qualify for the professional exemption to the FLSA's overtime requirements.  *Belt v. EmCare, Inc.* 444 F.3d 403 (5th Cir. 2006).  The FAQ document includes a discussion of that case and Defendants' intention that APPs paid on a salary basis are FLSA exempt.

[3] Plaintiffs cite only the Comment to Texas Disciplinary Rule of Professional Conduct 4.03 which states lawyers dealing with unrepresented persons are under an ethical duty to refrain from giving advice other than the advice to obtain counsel.  TEX. DISC. R. PRO. CONDUCT 4.03 cmt.  Plaintiffs have not shown that a document stating Defendants' legal position constitutes legal advice or that a violation of ethical rules would necessarily constitute an extraordinary circumstance justifying equitable tolling.

ORDER – PAGE 5

### 3. The Calculation Sheet and Acknowledgement Form Are Not Actively Misleading.

– Similar to Plaintiffs' argument above regarding the cover letter, Plaintiffs argue the provided calculation sheet and acknowledgement form are misleading because they together represent that the employee is receiving "all salary and other compensation" to which he or she is entitled.  Pls.' Mot. for Equitable Tolling 3 (quoting the acknowledgement form).  However, the acknowledgement form is a document intended for the employee to sign and return upon their review of and agreement with the results of the audit report.  The full statement quoted reads:

> I, [Employee Name], hereby acknowledge that the amount set out below represents all salary and other compensation previously known to me for which I worked for Health Texas Provider Network ("HTPN"), but not previously paid between the dates of APRIL 3, 2017 and OCTOBER 31, 2019 (the "Covered Period").

App. to Defs.' Resp. 21.  At the bottom of the form there are blank signature and date fields to be completed by the employee.  The form itself makes no factual representations, let alone any that would improperly prevent the opt-in plaintiffs from filing a timely claim. The form also contains a waiver of future FLSA claims based on compensation for the relevant time period, but a request for a waiver of future claims does not state or otherwise imply those claims do not exist.  The acknowledgement form and calculation sheet are not misleading.

### 4. The Information Packet as a Whole Is not Actively Misleading.

– Taken as a whole, the packet puts each recipient on notice that he or she may be one of the employees affected by the payroll errors.  This is especially true for the APPs who, like Bowman and Johns, received a calculation sheet expressly indicating there were errors in their paychecks

ORDER – PAGE 6

and an acknowledgement form asking them to confirm the amount owed.  Plaintiffs also provide no evidence that Defendants assembled this packet with the intent to induce or trick Plaintiffs into failing to raise timely FLSA claims or that the packet did not contain information necessary for Plaintiffs to learn of their rights.  In essence, Plaintiffs contend that if an employer states its belief that it has correctly calculated an employee's wages, that is enough for equitable tolling.  If that were the law, equitable tolling would hardly be rare and exceptional.  Accordingly, the Court finds the information packet Defendants provided to Plaintiffs is not so actively misleading as to constitute an extraordinary circumstance justifying equitable tolling of the statute of limitations.

The Court also notes that Plaintiffs' filings raise no explanation for why other APPs receiving the same information were able to bring their claims months earlier other than that those APPs had consulted a lawyer.  An employee's receipt of documents showing mistakes such as an inaccurate record of hours worked puts the employee on notice and triggers an affirmative duty to investigate their potential claims.  *Sandoz*, 700 F. App'x at 321 ("The timesheets and paycheck memos that were available to [the] employees provided the information necessary to trigger a duty to inquire as to whether [their] wages fell below" FLSA requirements.).  The only explained difference between the original plaintiffs and those who seek tolling — consulting a lawyer — is one possible investigative action that the opt-in plaintiffs could have performed to meet their diligence obligation.  Therefore, the opt-in plaintiffs have also not demonstrated the diligence required for equitable tolling.

ORDER – PAGE 7

### III.  PLAINTIFF HAVE FAILED TO SHOW EQUITABLE ESTOPPEL IS APPROPRIATE

Equitable estoppel is appropriate when a defendant's conduct "induced or tricked a plaintiff into allowing a filing deadline to pass." *Sandoz*, 700 F. App'x at 321.  While estoppel is discretionary, "it typically applies only when a defendant 'makes a definite misrepresentation of fact to another person [while] having reason to believe that the other will rely upon it,' and the person does, in fact, reasonably rely." *Id.* (quoting *Heckler v. Cmty. Health Servs. of Crawford Cnty., Inc.*, 467 U.S. 51, 59 (1984)).  "In the employment context, this may result from 'the employer's deliberate design to delay the filing *or* actions that the employer should unmistakably have understood would result in the employee's delay.'" *Id.* at 322 (quoting *Tyler v. Union Oil. Co. of Cal.*, 304 F.3d 379, 391 (5th Cir. 2002).  The party seeking to invoke equitable estoppel bears the burden of proof.  *Id.*

As explained above, the Court finds the information packet Bowman and Johns received regarding the payroll audit did not contain any definite misrepresentation of fact which they could have relied upon.  There is no other communication in the record between Defendants and either Bowman or Johns that contains such a misrepresentation of fact.  Accordingly, the Court declines to find that Defendants are equitably estopped from raising a statute of limitations defense in this case.

### CONCLUSION

Because the Plaintiffs have not met their burden to show either equitable tolling or equitable estoppel is appropriate, the Court denies the Motion for Equitable Tolling of Statute of Limitations.  The statute of limitations for Opt-in Plaintiffs Bowman and Johns runs until October 26, 2020, the date their Consents to Join were filed.  Any claims accruing

ORDER – PAGE 8

prior to October 26, 2018, or October 26, 2017 for willful violations, are time barred under the FLSA.

Signed September 22, 2021.

David C. Godbey
United States District Judge

ORDER – PAGE 9