IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN KUNZE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-01276-N |
| | § | |
| BAYLOR SCOTT & WHITE HEALTH, | § | |
| *et. al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiffs' motion to compel discovery [32]. For the following reasons, the Court grants in part and denies in part the motion.

**I. THE DISCOVERY DISPUTE**

The Plaintiffs in this case are medical professionals called Advanced Practice Providers ("APPs"). Plaintiffs filed this suit against Defendants Baylor Scott and White Health ("BSWH") and HealthTexas Provider Network ("HTPN") (collectively, "Defendants") to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201, *et seq*. Plaintiffs propounded discovery requests on Defendants and later filed this motion to compel answers to some of those discovery requests. After the filing of this motion, Defendants gave their second amended responses to Plaintiffs' request, resolving much of the dispute. This Order addresses the remaining disputed discovery requests.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD FOR MOTION TO COMPEL

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).  A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a).  To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3).  The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement.  *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant.  *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017).  A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit.  FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990).

### III. THE COURT GRANTS IN PART AND DENIES IN PART PLAINTIFFS' MOTION TO COMPEL

Defendants' second amended response to Plaintiffs' discovery requests resolved many of the disputed requests. The Court analyzes the remaining requests and objections in dispute below.

#### A. Defendants' Responses "Subject to and Without Waiving" Objections

Defendants' latest responses to interrogatory 3 and requests for production 2, 8, 12, 15, and 20 each indicate that the response was made "subject to and without waiving the foregoing" objections. A response of this nature, raising an objection and then providing a response "subject to and without waiving" the objection, without more, "leaves the requesting party wondering if there are any responsive documents being withheld" under the objection. *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014) (noting an objecting party must "affirmatively explain whether any responsive information or documents have been withheld"). Accordingly, for every response made subject to Defendants' objections, Defendants must affirmatively explain whether they are actually withholding any responsive information or documents based on the objections at issue here.

#### B. Defendants' Vagueness Objection to Interrogatory 3

Interrogatory 3 requested various details regarding any plaintiffs reporting or complaining to Defendants about the "subject matter of the FLSA Claim(s)" in this case. Defendants objected to this interrogatory on the grounds that "FLSA Claim(s)" is vague and undefined, limiting its response to "complaints by the Named Plaintiffs and Opt-In Plaintiffs about pay deductions during the period April 6, 2017 to present."

MEMORANDUM OPINION AND ORDER – PAGE 3

A term in a discovery request is impermissibly vague only where it is "incapable of reasonable interpretation" and prohibits a party's response. *Heller*, 303 F.R.D. at 492. The term "FLSA Claim(s)" is not vague. The Court previously certified a conditional class based on the APPs potentially having common claims arising from common pay policies that became the subject of a payroll audit Defendants conducted in 2019. Order [23]. The Court certified the conditional class for "APPs subjected to the same pay policies from April 6, 2017 to present." *Id.* at 5. The complete term from interrogatory 3, "the subject matter of the FLSA Claim(s)," reasonably refers to these common pay policies and the errors giving rise to the 2019 audit. To the extent that Defendants are actually withholding information based on this objection, they must supplement their response and disclose that information. The Court grants Plaintiffs' motion to compel answers to interrogatory 3.

### C. Defendants' Privilege Objections to Requests for Production 12, 15, 17, and 20

Requests for production 15, 17, and 20 requested various information related to the drafting and editing of an FAQ document (the "FAQ Document") provided to all APPs about Defendants' payroll audit and the APPs' potential legal claims. Request for production 12 more broadly requested any legal advice or opinions of counsel referenced regarding Defendant's affirmative defense of good faith reliance. Defendants objected to these requests to the extent that responsive documents are protected by the attorney-client and work-product privileges. However, Defendants waived these privileges with respect to some of the requested documents by expressly stating their reliance on advice of counsel in their answer.

            *1. A Party Must Affirmatively Rely on Privileged Materials to Impliedly Waive Privilege.* – A party impliedly waives the attorney-client privilege by putting the privileged communications at issue by "affirmatively relying on attorney-client communications to support an element of a legal claim or defense." *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018). "Put differently, when a client 'uses confidential information against his adversary,' it cannot simultaneously use the privilege as a shield. *In re Schlumberger Tech. Corp.*, 818 F. App'x 304, 307 (5th Cir. 2020) (unpub.) (quoting *Itron*, 883 F.3d at 558). A client does not waive the privilege merely by asserting a claim or defense to which privileged material is relevant — the client "must *rely* on privileged advice from his counsel to make his claim or defense." *Id.* (quoting *Itron*, 883 F.3d at 561) (emphasis in original).

            In *Schlumberger*, the Fifth Circuit held a defendant did not waive the privilege by raising a good faith reliance defense regarding the classification of employees in a FLSA action where the answer did not expressly state reliance on advice of counsel. There, the defendant stated in its answer "only that it relied in good faith on applicable law, administrative regulations, orders, interpretations and/or administrative practice or policy enforcement," without alluding to advice of counsel at all. *Id.* at 307 (internal quotation marks omitted). Where the defendant makes "no such concession" that it relied on advice of counsel and "instead tailor[s] its pleading so as not to rely on privileged communications," there has been no implied waiver. *Id.*

            *2. Defendants Have Waived the Attorney-Client Privilege and Work-Product Privileges as to Request for Production 12 Only.* – Here, Defendants have waived the

MEMORANDUM OPINION AND ORDER – PAGE 5

attorney-client and work-product privileges with respect to the advice they received regarding the classification of APPs under FLSA before Defendants made the classification. Unlike the defendant in *Schlumberger*, Defendants explicitly indicate that they relied on the "legal advice or opinions from counsel" in addition to their reliance on regulations and industry standards. Defs.' Answer ¶ 5 [4]. Because Defendants waived the privileges by affirmatively relying on legal advice in their answer, the Court grants the motion to compel as to request for production 12 as to legal advice before or contemporaneous with the classification.

By contrast, legal advice obtained after the allegedly unlawful deductions were made, such as advice obtained for the purpose of preparing the FAQ Document, has no bearing on the legitimacy of Defendants' reliance on legal advice in the classification of their employees. Because Defendants have not waived the privileges with respect to the preparation of the FAQ Document, the Court denies the motion to compel answers to requests for production 15, 17, and 20 as to responsive documents that fall within the attorney-client or work-product privileges. However, Defendants must supplement their privilege log with any additional responsive documents withheld based on privilege.

### 3. Defendants' Privilege Log Is Sufficiently Detailed.

– Sometime after Plaintiffs filed this motion to compel, which included a request for a privilege log, Defendants supplied a privilege log. Pls.' Ex. C [38]. Plaintiffs object to the privilege log supplied, arguing it is not sufficiently detailed to allow assessment of the legitimacy of Defendants' claims of privilege. It is true that a privilege log must include enough information to allow courts and other parties to test the merits of the privilege claim. *EEOC v. BDO USA, L.L.P.*,

MEMORANDUM OPINION AND ORDER – PAGE 6

876 F.3d 690, 697 (5th Cir. 2017). However, the privilege log supplied by Defendants includes the date, document title, author, recipients, and subject matter of the legal advice sought. One representative description reads "attorney-client email chain from N. Kern to P. Hubbard and cc K. Harris for the purpose of seeking legal advice in response to Plaintiff Ryan English's question about the applicability of *Belt v. Emcare*." Pls.' Ex. C 1. This description is not the conclusory description labeling documents as "email" or "legal advice" that renders a privilege log inadequate. *See, e.g.*, *Meador v. Starr Indemnity & Liab. Co.*, 2020 WL 8256370, at *5 (E.D. La. Sept. 1, 2020). Accordingly, the Court holds Defendants' privilege log is sufficient and denies the motion to compel production of the documents listed in the privilege log.

### D.  *Request for Production 17 Is Relevant and Not Duplicative*

Request for production 17 requested memoranda, opinion letters, and legal analyses relied upon for the drafting of the FAQ Document section about the Fifth Circuit case *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) and its possible impact on the APPs' legal position. In addition to the privilege objections analyzed above, Defendants objected to request for production 17 on the grounds that it is not relevant to any party's claim or defense and that it is duplicative of request for production 14.

Defendants have not explained how memoranda and other materials relied upon to draft the FAQ Document are duplicative of the documents covered by request for production 14. Request for production 14 requested all drafts of the FAQ Document. The memoranda and similar documents requested by request for production 17 likely contain information that would not be found in the FAQ Document drafts themselves, such as

MEMORANDUM OPINION AND ORDER – PAGE 7

information intentionally left out of the document. Accordingly, the Court holds the request is not duplicative.

As to relevance, courts construe relevance broadly, and a document by itself need not prove or disprove a claim or have strong probative force. *Samsung Elecs.*, 321 F.R.D. at 280. Plaintiffs argue the documents requested related to the analysis of *Belt v. EmCare* provided to the APPs by Defendants is relevant because it is necessary for scrutinizing the validity of Defendants' affirmative defenses, including good faith reliance on legal advice, safe harbor, window of correction, and the statute of limitations. The Court acknowledges this is a close issue because the discussions here occurred long after the classification decision. However, considering the broad nature of relevance in discovery, the Court agrees the documents are relevant because they may contain information about Defendants' claimed reliance on legal advice in the original classification of the APPs. Because the documents are relevant and not duplicative, the Court grants the motion to compel as to request for production 17 for any responsive documents that are not privileged.

### E. Timeline for Defendants' Remaining Production of Discovery

Plaintiffs ask the Court to compel Defendants to provide a timeline for answering the remaining discovery requests, noting many of Defendants' answers indicate documents "will be produced in accordance with the Court's schedule and reasonably in advance of trial." *E.g.*, Pls.' Ex. A 3 [38]. The Court holds Defendants must produce the remaining documents and information within thirty (30) days of this Order. Defendants must supplement their privilege log for any additional documents withheld based on privilege within thirty (30) days of the production of documents.

MEMORANDUM OPINION AND ORDER – PAGE 8

CONCLUSION

The Court grants Plaintiffs' motion to compel as to interrogatory 3 and request for production 12. The Court denies the motion to compel as to requests for production 15, 17, and 20 for all privileged documents, but Defendants must supplement their privilege log with any additional documents being withheld based on privilege. The Court grants the motion to compel as to request for production 17 for all nonprivileged documents. Defendants must also affirmatively explain whether they are actually withholding documents based on their remaining objections. Defendants must produce the remaining documents within thirty (30) days of this Order and any supplemental privilege log within thirty (30) days of document production.

Signed October 21, 2021.

David C. Godbey
United States District Judge