IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN KUNZE, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:20-CV-01276-N |
| BAYLOR SCOTT & WHITE HEALTH, *et. al.*, | § § § § | |
| Defendants. | § § | |

## MEMORDANDUM OPINION AND ORDER

This Order addresses Plaintiffs' motion for a protective order [52] and Defendants Baylor Scott and White Health ("BSWH") and HealthTexas Provider Network's ("HTPN") motion to compel individualized interrogatory responses [53]. For the following reasons, the Court grants in part and denies in part both motions.

### I. THE DISCOVERY DISPUTE

The Plaintiffs in this case are medical professionals called Advanced Practice Providers ("APPs"). Plaintiffs filed this suit against Defendants to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 201, *et seq*. The Court approved a conditional class certification for the named plaintiffs and a potential class of opt-in plaintiffs. Order [23]. Defendants claim the class members are not similarly situated as required for a FLSA collective action and seek specific information about each class member to support their argument. Defs.' Resp. and Mot. to Compel 1–2. In response to Defendants' discovery requests propounded on each class member, Plaintiffs provided

MEMORANDUM OPINION AND ORDER – PAGE 1

individualized responses for four named plaintiffs and three opt-in plaintiffs as well as collective responses on behalf of the entire class. Pls.' Reply App. [57].

Plaintiffs seek a protective order from the individualized discovery sought by Defendants, arguing individualized responses should not be required from the entire class. Pls.' Mot. for Protective Order ("Pls.' Mot. P.O."). According to Plaintiffs, such a requirement would be unduly burdensome, would undermine the purpose of a collective action, and may provoke attrition from the class. *Id.* at 3–4, 6. Plaintiffs ask the court to sustain objections to discovery requests seeking individualized responses from all named plaintiffs and opt-in plaintiffs. Defendants responded to Plaintiffs' motion with a motion to compel interrogatory responses from all plaintiffs and depositions and document production from fifteen plaintiffs selected by Defendants.

## II. RULE 26 LEGAL STANDARDS

Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). A litigant may request the production of documents falling "within the scope of Rule 26(b)" from another party if the documents are in that party's "possession, custody, or control." FED. R. CIV. P. 34(a). To enforce discovery rights, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." FED. R. CIV. P. 37(a)(3)(B). The Fifth Circuit requires the party seeking to prevent discovery to specify why the discovery is not relevant or show that it fails the proportionality requirement. *McLeod, Alexander, Powel & Apffel,*

*P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990); *see also Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 476 (N.D. Tex. 2005).

Courts construe relevance broadly, as a document need not, by itself, prove or disprove a claim or defense or have strong probative force to be relevant. *Samsung Elecs. Am. Inc. v. Yang Kun Chung*, 321 F.R.D. 250, 280 (N.D. Tex. 2017). A district court has wide discretion to supervise discovery, however, and may limit discovery if it would be unreasonably cumulative, could be obtained more easily from a different source, or if the burden or expense of proposed discovery outweighs its potential benefit. FED. R. CIV. P. 26(b)(2)(C); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990). In FLSA collective actions, courts frequently use their discretion to promote efficiency and minimize the burden imposed on plaintiff classes by limiting the number of individual plaintiffs required to submit discovery responses. *See, e.g.*, *Nelson v. Am. Std., Inc.*, 2009 WL 4730166, at *3 (E.D. Tex. Dec. 4, 2009) ("The Eastern District of Texas . . . is one of many jurisdictions that has ordered limited, representative discovery of the named plaintiffs and opt-in plaintiffs in FLSA actions.").

If proposed discovery is outside the scope of Rule 26(b)(1), the Court must limit the frequency or extent of the discovery. FED. R. CIV. P. 26(b)(2)(C)(iii). Rule 26 requires a showing of good cause, and the burden is upon the movant to demonstrate specific facts, as opposed to conclusory statements, which illustrate such good cause. *See In re Terra Intern., Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citing 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2035, at 483–

86 (2d ed. 1994)).  The Court may issue a protective order on relevant discovery if it is unduly burdensome.  *See* FED. R. CIV. P. 26(c).

### III.  THE COURT GRANTS IN PART AND DENIES IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

#### A.  *There Is No Rigid Rule Limiting Representative Discovery to a Particular Proportion of the Class or to Cases with a Particular Class Size*

Plaintiffs argue a protective order is appropriate because the individualized responses of seven plaintiffs (four named plaintiffs and three opt-in plaintiffs) that they have already provided are sufficient in this case.  Plaintiffs cite cases from federal courts around the country for the proposition that courts typically allow for representative sampling of about 5% to 15% of plaintiffs, noting the responses already given represent more than 15% of the class in this case.  Pls.' Mot. P.O. 1–2, 5.  However, the cases Plaintiffs cite are distinguishable because the plaintiff classes in those cases were so large.

After recent withdrawals, this case involves a small class of only twenty-three total plaintiffs.  Plaintiffs cite the sample size percentages allowed in various cases without acknowledging the drastically different class sizes in those cases that limited the proportion of plaintiffs from which individualized discovery was practicable.  *See, e.g.*, *Monroe v. FTS USA, LLC*, 860 F.3d 389, 394 (6th Cir. 2017) (293 opt-in plaintiffs); *Nelson v. Am. Standard, Inc.*, 2009 WL 4730166, at *2 (E.D. Tex. Dec. 4, 2009) (1,328 plaintiffs); *Alequin v. Darden Rests., Inc.*, 2014 U.S. Dist. LEXIS 3550, at *10 (S.D. Fla. Jan. 6, 2014) (approximately 19,000 plaintiffs); *Reich v. S. New Eng. Telecoms. Corp.*, 121 F.3d 58, 61 (2d Cir. 1997) (approximately 1,500 plaintiffs).  In an attempt to establish a general limit of 15% of the class for individualized discovery, Plaintiffs also cite at least one figure that

MEMORANDUM OPINION AND ORDER – PAGE 4

represents the representative testimony allowed by the court, omitting the fact that the court authorized discovery for more class members. *Monroe*, 860 F.3d at 394–95 (noting trial court adopted party agreement to limit discovery to about 17% of the 293 opt-in plaintiffs). The cases Plaintiffs cite involve courts using their discretion to manage large collective actions and do not collectively establish a clear discovery principle applicable to smaller collective actions.

Importantly, Plaintiffs cite no cases establishing that a court allowing too large a representative sample in discovery constituted an abuse of discretion. Cases allowing representative sampling or upholding the sufficiency of smaller representative samples do not establish a "sample ceiling" that limits a district court's discretion in discovery. This is particularly true for cases with smaller class sizes where more individualized discovery as a percentage of the class is both practicable and appropriate to allow the defendant to pursue his defense.

There is also no rule preventing the Court from limiting individualized discovery to a representative sample in this case. Defendants make several errors in their response brief arguing that the class size here is too small for representative discovery, misstating the number of plaintiffs that have already provided responses, falsely stating no opt-in plaintiffs have provided discovery responses, and citing a report and recommendation allowing broad individual discovery that was rejected by the district court because the discovery would be too burdensome. *See Martins v. Flower Foods, Inc.*, 2020 WL 11423022, at *3 (M.D. Fla. Oct. 7, 2020) (rejecting in part a special master's report and recommendation because individualized discovery would be unduly burdensome). While

MEMORANDUM OPINION AND ORDER – PAGE 5

Defendants are correct that most of the case law on this subject involves larger classes, the rationale behind representative discovery applies to smaller classes as well where the requests would be overly burdensome. In sum, neither party has shown that there is a consistent rule regarding the class size required to use representative sampling or the sample size allowed. Thus, the Court turns to the discovery needs of this case.

### B. *Defendants May Obtain Individualized Discovery from Four Additional Plaintiffs*

Defendants should receive individualized discovery responses from enough class members to allow Defendants to pursue their defense that Plaintiffs are not similarly situated. Defendants claim decertification is appropriate because, while the named plaintiffs work at a few hospitals in the same position, the opt-in plaintiffs work in a variety of positions across many different hospitals. Defs.' Resp. and Mot. to Compel 2–3. To date, Plaintiffs have provided individual responses to Defendants' discovery requests for seven total plaintiffs, including four named plaintiffs and three opt-in plaintiffs. Pls.' Reply App.

The Court determines that responses from four additional plaintiffs chosen by Defendants will be sufficient to allow Defendants to support their motion to decertify and their defense generally. Defendants' own records should contain enough information about their employees to allow them to identify which plaintiffs' responses will support their argument that "there is no single decision, policy, practice, or plan affecting all APPs in BSWH's health system that would render collective adjudication appropriate." Defs.' Resp. and Mot. to Compel 3. A total sample of eleven plaintiffs strikes the proper balance between the efficiency promoted by collective actions and Defendants' need for evidence

MEMORANDUM OPINION AND ORDER – PAGE 6

to support their defense. Plaintiffs providing discovery responses from four additional plaintiffs should not be overly burdensome such that it provokes additional class attrition or undermines the efficiency benefits of a collective action.

## CONCLUSION

The Court grants in part and denies in part Plaintiffs' motion for protective order and Defendants' motion to compel. Defendants may choose four (4) additional plaintiffs from which they may seek individualized discovery, including interrogatories, documents, and depositions. Plaintiffs must produce individualized written discovery responses for the additional plaintiffs chosen within thirty (30) days of Plaintiffs' receipt of Defendants' selections.

Signed November 1, 2021.

_____
David C. Godbey
United States District Judge