IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BENJAMIN KUNZE, *et. al.*, § § Plaintiffs, § § v. § § BAYLOR SCOTT & WHITE HEALTH, *et. al.*, § § Defendants. § | Civil Action No.  3:20-cv-01276-N |

### DEFENDANTS' SUR-REPLY TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Baylor Scott & White Health ("Baylor") and Health Texas Provider Network ("Health Texas") file this Sur-Reply supporting their Response in Opposition Plaintiffs' Motion for Partial Summary Judgment.

Notwithstanding the host of unfounded accusations in Plaintiffs' 17-page Reply, Defendants limit this Sur-Reply to Plaintiffs' accusations that:  (1) their counsel's "analysis" reflects that Plaintiffs' pay was deducted every pay period for more than a thousand deductions; (2) there is undisputed evidence "many of Defendants' physicians in charge of supervising plaintiffs also knew about [Defendants'] pay practice;" and "knew Plaintiffs would only be paid for time worked on the clock,"; and (3) the Court should rely on the reasoning in *Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sep. 28, 2006).

As a preliminary matter, Plaintiffs state for the first time in their Reply that Defendants made "thousands" of Deductions based on the declaration of David Kern, counsel for Plaintiffs. Reply at 1, 5-6; Pl.'s Reply Appx. 098-100.  In his declaration, Mr. Kern asserts that he has estimated the number of weeks worked by each APP Hospitalist Shift Provider by somehow

calculating during the relevant time period "[t]he average number of hourly paid pay periods per Plaintiff" as 1,801.71 pay periods. *See id.* Plaintiffs then use this number of alleged pay periods, 1,801, to claim that they were improperly paid more than a thousand times.[1] Reply at 5-6, 10-11. This assumption is not supported by any evidence in the record. Rather, this assumption, that every pay period Plaintiffs' were improperly paid, is akin to submitting a declaration estimating the number of days it rained in Dallas in 2021 by totaling the number of days in the year and declaring it rained 365 days in 2021.

No matter how Plaintiffs attempt to slice and dice the number of pay periods or inadvertent deductions to make it appear Defendants had a malicious intent, they cannot get around the fact that less than 2% of their overall earnings were withheld due to a misunderstanding of the timekeeping system, and when Defendants discovered the error, they conducted an audit and promptly paid Plaintiffs back. *See* Def.'s Resp. at 18-21. All of these facts support that a reasonable jury could conclude Defendants intended to pay Plaintiffs on a salary basis. *Id.*

Next, Plaintiffs claim in their Reply—without any support—that HealthTexas managers and physicians "participated in the ongoing practice of paying Plaintiffs hourly." Reply at 6 ("at least eight of Defendants managers participated in the ongoing practice of paying Plaintiffs hourly."); *id.* at 15 ("many of Defendants' physicians in charge of supervising plaintiffs also knew about [Defendants'] pay practice"). Plaintiffs identify Health Texas employees Jennifer Saoit, Angela Sims, Charla West, LaQuanda Thompson, Carolyn Reedy, Carolyn Quan, Susan Kohl and Slade Hodges as supervisors and physicians who were aware Plaintiffs were improperly paid prior

---

[1] In their Reply, Plaintiffs assert "Defendants took at least 1,553 deductions from Plaintiffs, averaging 118 deductions per Plaintiff." Reply at 10-11. To support this statement, Plaintiffs point to Kern's declaration. *Id.* at n. 38. However, Kern's declaration does not reference 1,553 deductions or 118 deductions at all. Reply at Appx. 096-097. Thus, this allegation is also properly disregarded by the Court because it is not supported by competent summary judgment evidence.

to the October 2019 audit. *Id.* Plaintiffs have no support for this assertion. Indeed, Sims testified that it was her understanding Plaintiffs were to receive a minimum annualized salary for working sixteen, 10-hour shifts per month and additional pay for time worked at an hourly moonlighting rate. Resp. at Appx. 222, Sims Dec. at ¶5. West testified that she did not understand at the time there was an error that was causing deductions from these exempt employees' salaries. Mot. Summ. J. Appx. 079-080.

Yet, Plaintiffs impute knowledge and improper conduct to these employees because *some of them* (Quan, Kohl, and Hodges) are copied on a single email sent by Thompson on behalf of Saoit in April 2017, which was not approved by Health Texas or Baylor management. *See* Reply at 11; Resp. at 7, n.2. Plaintiffs have presented no evidence (let alone undisputed evidence) that these employees received the email, read the email, understood it to mean Plaintiffs would be paid an hourly rate, or had responsibility for reviewing or approving Plaintiffs' recorded work time and payroll. Thus, this email cannot serve as undisputed evidence that multiple employees were previously aware of the error that led to deductions from Plaintiffs' pay nor can it be used to prevent Defendants from properly invoking the Window of Correction provision of 29 C.F.R. § 541.603(c) or the Safe Harbor provision of 29 C.F.R. § 541.603(d).

Finally, Plaintiffs waited until their Reply to discuss a Southern District of New York decision, *Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sep. 28, 2006),[2] which they contend is "nearly identical" to this case and supports that Baylor and Health Texas did not intend to pay Plaintiffs on a salary basis. Reply at 10-11. However, the *Torres* case

---

[2] Plaintiffs appear to have cited to the wrong decision. *Torres v. Gristede's Operating Corp.*, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sep. 29, 2006) discusses the propriety of class and collective action certification with no discussion of the salary basis test. However, *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008) appears to include the discussion referenced in Plaintiffs' Reply.

is easily distinguishable.

In *Torres*, the district court summarily concluded that the Defendant employer could not take advantage of the Window of Correction defense because the Defendant did not present any evidence that it attempted to correct the improper deductions. *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 461 (S.D.N.Y. 2008) ("Defendants never point to an improper deduction that was specifically corrected."). Unlike in *Torres*, here it is undisputed that each APP received a back pay payment equal to the amount inadvertently deducted along with an explanation and calculation. Resp. at 12.

Further, as part of its finding that the Defendant did not pay on a salary basis nor did it intend to pay a salary basis, the court in *Torres* noted that the Defendant "is silent as to why the weekly wage of salaried employees was tied at all to the number of hours they were 'punched in' at work." *Id.* In the Response and throughout this litigation, Baylor and Health Texas have explained in detail with significant supporting evidence and testimony the reason for the error that resulted in a small group of APP hospitalist shift providers receiving less than their full salaries from April 2017 to October 2019. Resp. at 7-10. Needless to say, *Torres* does not support Plaintiffs' position in this lawsuit.

At a minimum, there is sufficient evidence for a reasonable jury to conclude that Baylor and Health Texas (1) intended to pay Plaintiffs on a salary basis; (2) inadvertently made deductions based on a misuse of the API timekeeping system; (3) had a clearly communicated policy in place available on the Health System's intranet prohibiting deductions and providing a complaint mechanism; and (4) promptly conducted an audit and reimbursed Plaintiffs the 1.54% of their salaries mistakenly withheld.

In short, Plaintiffs have failed to meet their burden as summary judgment movants to

demonstrate the absence of genuine disputes of material fact and that they are entitled to overtime pay as a matter of law. Defendants Baylor Scott & White Health and Health Texas Provide Network respectfully request that the Court deny Plaintiffs' Motion for Partial Summary Judgment.

Dated: December 19, 2022

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

/s/ Shauna Johnson Clark
Shauna Johnson Clark
State Bar No.  00790977
shauna.clark@nortonrosefulbright.com

Heather Sherrod
State Bar No. 24083836
heather.sherrod@nortonrosefulbright.com

1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

*Attorneys for Defendants Baylor Scott and White Health and Health Texas Provider Network*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record have consented to electronic service in compliance with Local Rule CV-5(b) are being served on December 19, 2022, with a notice of electronic filing of the foregoing via the Court's CM/ECF system in compliance with Federal Rule of Civil Procedure 5 and by electronic mail as follows:

John Fabry (JFabry@carlsonattorneys.com)
David Kern (dkern@kernlawfirm.com)

/s/  Heather Sherrod
Heather Sherrod