IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENJAMIN KUNZE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-CV-01276-N |
| | § | |
| BAYLOR SCOTT & WHITE HEALTH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiffs' motion for attorneys' fees and costs [143]. For the following reasons, the Court grants the motion, but awards reduced fees and costs as specified below.

**I. ORIGINS OF THE DISPUTE**

Plaintiffs brought this suit against Defendants Baylor Scott & White Health and HealthTexas Provider Network to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). The parties reached a settlement agreement (the "Agreement") in early 2024 in which Defendants agreed to pay ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Settlement Agreement and Release of Claims 2 [141]. However, the parties could not agree on the issue of attorneys' fees and costs, so they decided to submit this issue to the Court. *Id.* Defendants agreed that for purposes of the attorneys' fees and costs determination, "Plaintiffs are prevailing parties and have obtained the equivalent of a judgment to support

MEMORANDUM OPINION AND ORDER – PAGE 1

their Fee Application." *Id.* The Court approved the Agreement on February 5, 2024. *See* Order [142].

Plaintiffs then filed this motion for attorneys' fees and costs, requesting $3,131,091 in attorneys' fees and $100,971.15 in costs. Pls.' Mot. Att'ys' Fees Br. 7 [146]. Plaintiffs also argue that post-judgment interest on their award should accrue from February 5, 2024, the date the Court approved the Agreement. *Id.* at 10. Defendants assert that Plaintiffs should receive $370,000 in attorneys' fees and no more than $16,519.82 in costs. Defs.' Resp. Br. 8, 24 [159]. Further, Defendants argue that post-judgment interest should not begin to accrue until the Court enters final judgment. *Id.* at 24–25.

## II. LEGAL STANDARD FOR ATTORNEYS' FEES

FLSA allows prevailing plaintiffs to collect reasonable attorneys' fees and costs. 29 U.S.C. § 216(b). The fee applicant has the burden to demonstrate the reasonableness of the requested attorneys' fees. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984). To determine whether requested fees are reasonable, the Court utilizes the lodestar method. *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 257 (5th Cir. 2018). The Court calculates the lodestar by "multiplying the hours reasonably spent on the case by an appropriate hourly rate." *Id.* This calculation, however, excludes hours spent on "excessive, redundant, or otherwise unnecessary" work. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). When calculating a reasonable lodestar, the Court can make line-by-line cuts or simple across-the-board reductions. *Aguayo v. Bassam Odeh, Inc.*, 2016 WL 7178967, at *4 (N.D. Tex. 2016).

Next, the Court can increase or decrease the lodestar amount based on the factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to litigate the case; (4) whether taking the case precluded the attorneys from other employment; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) whether the client or case required expedited legal work; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirabilty" of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Id.* However, the lodestar necessarily "subsumes" some *Johnson* factors. *See Hensley*, 461 U.S. at 434 n.9. The Court may not consider the "subsumed" factors when deciding whether to enhance or reduce the lodestar under the *Johnson* factors. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010). The party seeking an adjustment of the lodestar based on the *Johnson* factors bears the burden of showing that such adjustment is warranted. *See Blum*, 465 U.S. 886 at 901–02; *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995).

### III. THE COURT AWARDS PLAINTIFFS REDUCED ATTORNEYS' FEES

Plaintiffs request $3,131,091 in attorneys' fees. Plaintiffs submitted evidence showing that four attorneys, two paralegals, and three law clerks from two firms—Kern Law Firm, PC and The Carlson Law Firm, PC—spent a total of 3,991.65 hours working on this case. *See* Pls.' Mot. Att'ys' Fees Br. 21–22; Pls.' App. 010, 106, 120 [148]. The attorneys' requested hourly rates range from $300 to $950. Pls.' App. 010. The paralegals'

MEMORANDUM OPINION AND ORDER – PAGE 3

and law clerks' requested hourly rate is $160. *Id.* The Court adjusts the attorneys', paralegals', and law clerks' hourly rates, reduces the lodestar by 10%, and makes a downward departure of approximately 40% from the lodestar based on the *Johnson* factors. Accordingly, the Court awards Plaintiffs $919,000 in attorneys' fees.

### A. The Court Reduces the Lodestar

Considering the reasonableness of the billing rates and the hours billed, the Court lowers the billing rates of Plaintiffs' attorneys, law clerks, and paralegals to the prevailing community rates, and then reduces the lodestar by 10% to account for excessive billing and billing of clerical tasks.

**1. *Reasonableness of the Billing Rates*** — The Court first considers the reasonableness of the billing rates. "Reasonable" billing rates are "calculated according to the prevailing market rates in the relevant community" for similar services of "reasonably comparable skill, experience and reputation." *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum*, 465 U.S. at 895). In addition to recovering attorneys' fees, the prevailing party can recover reasonable fees for the work of paralegals and law clerks. *Brown v. Saul*, 2019 WL 7756079, at *2 (N.D. Tex. 2019).

First, the Court finds that Plaintiffs' requested attorney rates are high compared to the prevailing community rates. Recent Northern District of Texas decisions indicate that the prevailing community rate for FLSA cases is $300–450 per hour for attorneys with substantial experience and $275–300 per hour for attorneys with less experience. *See McConnell v. Sw. Bell Tel. LP*, 2023 WL 1478494, at *2 (N.D. Tex. 2023); *Tovar v. Sw. Bell Tel. L.P.*, 2022 WL 2306926, at *3–4 (N.D. Tex. 2022); *Meadows v. Latshaw Drilling*

MEMORANDUM OPINION AND ORDER – PAGE 4

*Co., LLC*, 2020 WL 291582, at *3 (N.D. Tex. 2020). Here, Plaintiffs request hourly rates of $950 for Kern and $920 for Fabry, both attorneys who have been practicing over thirty years and have extensive FLSA experience. Pl.'s App. 002–04, 115–17, 124. Further, Plaintiffs request a rate of $575 for Munoz, who graduated from law school in 2014 and has some FLSA experience. *Id.* at 117–18, 124. Plaintiffs request a rate of $300 for Ferrell, who graduated from law school in 2022 and has minimal experience. *Id.* at 118, 124. Thus, Plaintiffs' requested attorneys' hourly rates are significantly higher than the comparable community rates for attorneys of similar experience. Accordingly, the Court reduces Kern and Fabry's hourly rate to $500,[1] Munoz's rate to $300, and Ferrell's rate to $275.

Second, the Court determines that the requested paralegal and law clerk rates are also higher than the prevailing community rates. Plaintiffs request hourly rates of $160 for the paralegals and law clerks. Pls.' Mot. Att'ys' Fees Br. 22. Recent Northern District of Texas decisions indicate that the prevailing community rate for paralegals is $100–210 per hour. *See McConnell*, 2023 WL 1478494, at *2. The Carlson Law Firm paralegal, Saucedo, has been a paralegal for approximately five years. *See* Pl.'s App. 011, 118. Given Saucedo's experience, the Court reduces her hourly rate to $125. Plaintiffs did not provide evidence regarding the Kern Law Firm paralegal's experience. Without this information, the Court reduces their hourly rate to the $100 baseline. Further, the Court finds that $160

---

[1] Because Kern and Fabry have such significant FLSA experience, the Court finds that an hourly rate higher than the prevailing community rate for attorneys with substantial experience is warranted.

MEMORANDUM OPINION AND ORDER – PAGE 5

is a high law clerk rate compared to the prevailing community rate and thus reduces the law clerk rate to $85. *See Williams v. Sake Hibachi Sushi & Bar Inc.*, 574 F. Supp. 3d 395, 411 (N.D. Tex. 2021) (reducing law clerk hourly rate to $85).

    **2.  *Reasonableness of the Hours Billed***—The Court next considers whether the number of hours billed was reasonable. "The Court must determine the appropriate compensable hours based on the attorneys' time records, and compensate only for those hours reasonably spent in relation to prevailing claims." *Coach Inc. v. Couture*, 2012 WL 3249470, at *2 (W.D. Tex. 2012). The moving party must exercise appropriate billing judgment, which is the "usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). Plaintiffs have the burden of showing the reasonableness of the hours billed and must prove that they exercised billing judgment. *Id.* at 770. Here, the Court determines that lodestar should be reduced to account for billing for clerical work and excessive hours.

    First, Plaintiffs request fees for clerical tasks. Attorneys and paralegals "should not be awarded attorney's fees for clerical work that could easily be performed by support staff." *Harris v. Colvin*, 2013 WL 2896880, at *5 (N.D. Tex. 2013) (attorneys); *Meadows*, 2020 WL 291582, at *4 (paralegals). Clerical tasks include, among other things, reviewing court notices, filing documents with the Court, maintaining documents and files, emailing documents, communicating with opposing counsel, scheduling, and booking travel arrangements. *Meadows*, 2020 WL 291582, at *4. Plaintiffs' attorneys and paralegals request fees for numerous hours of noncompensable clerical work. *See, e.g.*, Pl.'s App. 020 (processing documents), 025 (preparing forms for filing), 030 (emailing opposing

MEMORANDUM OPINION AND ORDER – PAGE 6

counsel), 127–129 (registering as ECF user and reviewing ECF notices), 230 (communicating with opposing counsel), 253 (formatting documents), 275 (maintaining files), 287 (scheduling), 300 (booking travel).  Accordingly, the Court reduces the lodestar to account for these clerical tasks.

Second, the Court finds that Kern and Fabry—the attorneys with the highest rates—billed excessive hours.  Together, Kern and Fabry billed 3,096.65 hours on this case, amounting to over 75% of the total hours billed.  *See* Pls.' Mot. Att'ys' Fees Br. 21–22.  Further, Plaintiffs wrote off only about 5% of Fabry's billed hours and 3% of Kern's billed hours.  *See* Defs.' Resp. Br. 11.  Plaintiffs do not explain why the most experienced attorneys with the highest rates billed a supermajority of the hours on a case that Plaintiffs themselves describe as involving straightforward subject matter.  *See* Pl.'s Mot. Att'ys' Fees Br. 2 ("Liability in this case was clear from the very beginning. . . . [T]he core issue in the case is one of the most fundamental FLSA principles . . . . Despite the uncontroverted facts of this case and Defendants' clear liability . . . .").  Accordingly, the Court reduces the lodestar because Plaintiffs have not met their burden of showing the reasonableness of the hours Kern and Fabry billed.

Thus, the Court reduces the lodestar by 10%, which, along with the adjusted hourly rates, results in an adjusted lodestar of $1,548,125.55.

### B.  The Court Departs Downward from the Lodestar Based on *Johnson* Factors

Upon considering the *Johnson* factors, especially (4) preclusion from other employment and (8) amount involved and results obtained, the Court finds that the lodestar should be adjusted downward by approximately 40%.

MEMORANDUM OPINION AND ORDER – PAGE 7

The Court finds that *Johnson* factor four—preclusion from other employment—warrants a downward departure from the lodestar. When evaluating this factor, the Court considers (1) "the fact that once the employment is undertaken the attorney is not free to use the time spent on the client's behalf for other purposes" and (2) whether conflicts of interest prohibited the attorneys from engaging in other business. *Johnson*, 488 F.2d at 718. Plaintiffs' attorneys and paralegals logged almost 4,000 hours on this matter over the course of four years. *See* Pls.' Mot. Att'ys' Fees Br. 21–22. The Court finds that this work, divided over the course of four years and between four attorneys, two paralegals, and several law clerks, does not demonstrate preclusion from other employment. Further, the Court finds that Plaintiffs do not present any evidence showing that conflicts of interest prevented Plaintiffs' counsel from other engagements. While the Court does not discount the work committed to this case, the Court finds that this factor warrants a downward departure.

The Court also adjusts the lodestar downward based on *Johnson* factor eight, the amount involved and results obtained. The "most critical factor" in determining an attorneys' fees award is "the degree of success obtained." *Hensley*, 461 U.S. at 436. Although there is no strict proportionality requirement, the court should consider proportionality when determining a fees award. *See Gurule*, 912 F.3d at 259; *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 395 (5th Cir. 2003) ("The amount of damages a plaintiff recovers is certainly relevant to the amount of attorney's fees to be awarded." (citation omitted)). Additionally, "the fee award should approximate what a client would be expected to pay in a comparable case." *Fessler v. Porcelana Corona de Mex., S.A. DE*

MEMORANDUM OPINION AND ORDER – PAGE 8

*C.V.*, 23 F.4th 408, 419 (5th Cir. 2022). Here, upon considering the damages award compared to the fees requested, the Court makes a downward departure. Plaintiffs' damages award is ▇▇▇▇▇, and Plaintiffs' attorneys' fees request is $3,131,091—▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. And even after reducing the lodestar to $1,548,125.55, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. The Court finds a lodestar reduction is warranted because the damages award does not justify a fee award of $3,131,091, or even a reduced fee award of $1,548,125.55. *See Ixtos v. Rice & Noodles, Inc.*, 2024 WL 3243473, at *2 (S.D. Tex. 2024) (The "Court will not impose more in attorneys' fees than in actual damages" in FLSA cases.).

Thus, after weighing the *Johnson* factors, the Court reduces the adjusted lodestar by approximately 40% and awards Plaintiffs $919,000 in attorneys' fees.

### IV. THE COURT AWARDS PLAINTIFFS REDUCED COSTS

Plaintiffs request $100,971.15 in costs. Pls.' Mot. Att'ys' Fees Br. 22. This amount includes expenses such as the filing fee, PACER charges, printing, copying, legal research, postage, expert witnesses, mediation, deposition transcripts and videography, travel, and a trial "war room." *See* Pls.' App. 308–17. Defendants argue that there is no statutory authority for the Court to award Plaintiffs costs for legal research, postage, expert witnesses, mediation, travel, or a trial "war room." Defs.' Resp. Br. 20–24. The Court agrees with Defendants and finds that Plaintiffs are entitled to reduced costs in the amount of $16,519.82.

"Absent statutory authority, courts may only award costs provided for in 28 U.S.C. § 1920." *Stevenson v. Lasalle Corr. Transp., LLC*, 2015 WL 11120525, at *4 (N.D. Tex.

MEMORANDUM OPINION AND ORDER – PAGE 9

2015); *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). Under section 1920, the Court may tax as costs the following:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies . . . where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts . . . .

28 U.S.C. § 1920. Accordingly, under section 1920, Plaintiffs may recover the costs of the filing fee, PACER charges, printing, and depositions, which amounts to $16,519.82. However, Plaintiffs cannot recover the costs of legal research, postage, non-court-appointed expert witnesses, mediation, travel, or a trial "war room," which amounts to $84,451.33. Thus, the Court awards Plaintiffs $16,519.82 in costs.

## V. Interest Accrues After the Court Enters Final Judgment

Plaintiffs claim that post-judgment interest on the award of fees and costs should accrue from February 5, 2024—the date the Court approved the Agreement. Pls.' Mot. Att'ys' Fees Br. 24. Defendants contend that the post-judgment interest should not accrue until the Court enters an order on Plaintiffs' motion for fees and costs or final judgment. Defs.' Resp. Br. 24–25. The Court agrees with Defendants. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Further, the "interest shall be calculated from the date of the entry of the judgment . . . ." *Id.*; *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 543 (5th Cir. 1983) (The "award to a victorious plaintiff of both attorneys' fees and costs is to bear interest from the date a judgment is rendered making the award."). Accordingly, post-judgment interest on

the attorneys' fees and costs award will begin to accrue on the date this Court enters final judgment.

## CONCLUSION

The Court awards Plaintiffs $919,000 in attorneys' fees and $16,519.82 in costs. Post-judgment interest on the attorneys' fees and costs award will begin to accrue on the date this Court enters final judgment.

Signed October 29, 2024.

_____
David C. Godbey
Chief United States District Judge
